Eastern District of Kentucky
FILED

FEB 27 2025

AT LONDON
Robert R. Carr
CLERK U.S. DISTRICT COURT

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF KENTUCKY
## SOUTHERN DIVISION
## LONDON

UNITED STATES OF AMERICA

V.                                                    INDICTMENT NO.    6:25-CR-012-REW

CHARLES NNAMDI EMESIM,
    aka SAMUEL ROCK

* * * * *

**THE GRAND JURY CHARGES:**

### INTRODUCTION

1.     At all relevant times, Victim 1 was a resident of the Eastern District of Kentucky.

2.     At all relevant times, CHARLES NNMADI EMESIM, aka SAMUEL ROCK, was a resident of Newark, New Jersey and Arlington Heights, Illinois. He operated and controlled bank accounts throughout the country in his own name, and in the name of Chadon Trucking or Chadon Export.

### COUNT 1
### 18 U.S.C. § 1349

3.     Paragraphs 1 and 2 are re-alleged and incorporated by reference as if fully set forth herein.

4.     Beginning on a date unknown, but not later than on or about December 9,

2013, and continuing through on or about June 28, 2024, in Laurel County, in the Eastern District of Kentucky, and elsewhere,

**CHARLES NNAMDI EMESIM,**
**aka SAMUEL ROCK,**

and others known and unknown to the Grand Jury, knowingly and voluntarily conspired and agreed together and with each other to commit wire fraud, that is, to knowingly and with the intent to defraud, devise and intend to devise a scheme to defraud and to obtain money and property by means of false and fraudulent pretenses, representations, and promises, and, for the purpose of executing the scheme, transmitted and caused to be transmitted by means of wire communication in interstate commerce, signals and sounds described below. in violation of 18 U.S.C. § 1343.

### Purpose of the Conspiracy

5.    It was the purpose of the conspiracy to entice individuals and businesses based throughout the United States to send money under false pretenses in the form of romance scams, business email compromises, and other fraud schemes in order to profit from the theft of those individuals and entities.

### Manner and Means

6.    The manner and means used to accomplish the objectives of the conspiracy included, among others, the following:

7.    Co-conspirators would communicate with victims located throughout the United States through wire communications including the internet and telephone, and make false and fraudulent statements and promises, including:

a. The co-conspirator was a friend or romantic partner of the victim, who needed to convey funds to the United States, but had to pay customs or attorney's fees to do so;

b. The victim had won a sizeable lottery prize or other valuable item, but had to pay customs or attorney's fees to do so;

c. The co-conspirator needed money to pay for family's medical expenses; and

d. The co-conspirator presented the victim with investment opportunities, in such things as Saudi Arabian oil.

8. On at least one occasion, **CHARLES NNAMDI EMESIM, aka SAMUEL ROCK,** met with Victim 1 in person in the Eastern District of Kentucky, impersonating a "customs agent", in furtherance of the fraud against Victim 1.

9. Victims defrauded by this conduct, including Victim 1, transferred money in the form of wires, bank deposits, checks in the mail, cashier's checks deposits, and prepaid debit cards, to **CHARLES NNAMDI EMESIM, aka SAMUEL ROCK,** and other coconspirators, who used fake identity information or shell companies to receive funds in the mail and/or to open bank accounts for the purpose of receiving these funds.

All in violation of 18 U.S.C. § 1349.

### COUNT 2
**18 U.S.C. § 1956(h)**

10. Paragraphs 1 through 9 are realleged and incorporated by reference as if fully set forth herein.

11. Beginning on a date unknown, but not later than on or about December 9,

2013, and continuing through on or about June 28, 2024, in Laurel County, in the Eastern District of Kentucky, and elsewhere,

**CHARLES NNAMDI EMESIM,**
**aka SAMUEL ROCK,**

knowingly and voluntarily conspired and agreed with others known and unknown to the Grand Jury, to commit offenses against the United States in violation of 18 U.S.C. §§ 1956 and 1957, to wit:

(a) knowingly conducting and attempting to conduct financial transactions affecting interstate and foreign commerce, which transactions involved the proceeds of specified unlawful activity, that is wire fraud and conspiracy to commit wire fraud, violations of 18 U.S.C. §§ 1343 and 1349, knowing that the transactions were designed in whole and in part to conceal and disguise the nature, location, source, ownership, and control of the proceeds of said specified unlawful activity, in violation of 18 U.S.C. § 1956(a)(1)(B)(i), and

(b) knowingly engaging and attempting to engage, in monetary transactions by, through or to a financial institution, affecting interstate and foreign commerce, in criminally derived property of a value greater than $10,000, that is cash deposits, bank wires, and check and cashier's check deposits, such property having been derived from a specified unlawful activity, that is wire fraud and conspiracy to commit wire fraud, violations of 18 U.S.C. §§ 1343 and 1349, in violation of 18 U.S.C. § 1957.

## Manner and Means

12.    The manner and means used to accomplish the objectives of the conspiracy included, among others, the following:

13.    Once **CHARLES NNAMDI EMESIM, aka SAMUEL ROCK,** received proceeds of the fraud in the form of checks in the mail, he deposited those into his bank accounts that were often in the name of his shell companies, Chadon Trucking or Chadon Exports.

14.    Once **CHARLES NNAMDI EMESIM, aka SAMUEL ROCK,** received proceeds of the fraud into his bank account, he often withdrew the money in cash, transferred the money to accounts in the name of relatives or their businesses, or transferred the funds to his own bank accounts located in Nigeria, all in a manner to obfuscate the source, nature, location, and control of the proceeds.

All in violation of 18 U.S.C. § 1956(h).

### FORFEITURE ALLEGATIONS
**18 U.S.C. § 982(a)(1)**
**18 U.S.C. § 981(a)(1)(C)**
**28 U.S.C. § 2461**

1.    By virtue of the commission of the offenses alleged in Count One of the Indictment **CHARLES NNAMDI EMESIM, aka SAMUEL ROCK,** shall forfeit to the United States any and all property, real or personal, which constitutes or is derived from proceeds traceable to the violations of 18 U.S.C. § 1349. Any and all interest that **CHARLES NNAMDI EMESIM, aka SAMUEL ROCK,** has in this property is vested in and forfeited to the United States pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C.

§ 2461.

2.     By virtue of the commission of the offense alleged in Count Two of this Indictment, **CHARLES NNAMDI EMESIM, aka SAMUEL ROCK,** shall forfeit to the United States, any and all property, real or personal, involved in the violation of 18 U.S.C. § 1956 and any property traceable to such property. Any and all interest that **CHARLES NNAMDI EMESIM, aka SAMUEL ROCK,** has in this property is vested in and forfeited to the United States pursuant to 18 U.S.C. § 982(a)(1).

3.     The property to be forfeited includes, but is not limited to, the following:

**MONEY JUDGMENT**:

A forfeiture money judgment in an amount representing the gross proceeds obtained by the Defendant as a result of the fraud and money laundering offenses, and/or in an amount representing the amount involved in the money laundering violation.

4.     If any of the property listed above, as a result of any act or omission of the Defendant:

    a.  Cannot be located upon the exercise of due diligence;

    b.  Has been transferred or sold to, or deposited with, a third party;

    c.  Has been placed beyond the jurisdiction of the court;

    d.  Has been substantially diminished in value; or

    e.  Has been commingled with other property which cannot be divided without difficulty,

the United States, shall be entitled to forfeit substitute property, pursuant to 21 U.S.C. § 853(p).

**A TRUE BILL**

FOREPERSON

PAUL C. McCAFFREY
ACTING UNITED STATES ATTORNEY

## PENALTIES

**COUNT 1:**  Imprisonment for not more than 20 years, fine of not more than $250,000 or twice the amount of gross gain or loss, and supervised release for not more than 3 years.

**COUNT 2:**  Imprisonment for not more than 20 years, fine of not more than $500,000 or twice the amount of gross gain or loss, and supervised release for not more than 3 years.

**PLUS:**  Mandatory special assessment of $100 per count.

**PLUS:**  Restitution, if applicable.