UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
PIKEVILLE

CRIMINAL ACTION NO.: 6:25-CR-012-REW

UNITED STATES OF AMERICA                                                    PLAINTIFF

V.                                    **SENTENCING MEMORANDUM**

CHARLES NNAMDI EMESIM

                                                                            DEFENDANT

Comes now the Defendant, Charles Nnamdi Emesim, by counsel, and submits the following sentencing memorandum setting forth factors the Court should consider in determining the type and length of sentence sufficient, but not greater than necessary, to comply with the applicable law set forth in 18 U.S.C. § 3553(a), *U.S. v. Booker*, 543 U.S. 220 (2005) and *U.S. v. Fanfan*, 542 U.S. 963 (2004). This matter is before the Court for sentencing as a result of the Defendant's plea of guilt to Count Two of the indictment, Conspiracy to Commit Money Laundering, a violation of 18 U.S.C. § 1956 (h). In support hereof, Defendant relies upon the following discussion of applicable law, relevant facts and circumstances which have important bearing upon consideration of a just sentence in this matter.

In United States v. Booker, 543 U.S. 220 (2005), the United States Supreme Court held that the United States Sentencing Guidelines are not a mandatory constraint on the District Court's sentencing discretion. In Booker, the Supreme Court found the United States Sentencing Guidelines (U.S.S.G.) unconstitutional insofar as it required

Page **1** of **7**

courts to consider conduct at sentencing that was not proven by the government beyond a reasonable doubt to a jury. As such, the court concluded that the Sentencing Guidelines were simply one of several factors which should be considered pursuant to 18 U.S.C. § 3553(a) in determining an appropriate sentence. As such, the obvious will be stated at the outset.

18 U.S.C. § 3553(a) establishes seven (7) factors that shall be considered by the Court in imposing any sentence. Those factors, and their application to this case, are discussed below:

1. **The nature and circumstances of the offense and the history and characteristics of the defendant**

Charles Emesim was born to Charles Emesim and Justina Emesim in Benue State, Nigeria, on December 7, 1972. When Charles' father passed away when Charles was a teenager. Following the passing of his father Charles was raised solely by his mother. His mother owned a restaurant in Nigeria and was able to provide a modest income for the family. Charles experienced a very positive childhood, and his mother ensured that all of his basic needs were met. Charles shared a close relationship with his mother throughout his life until she passed away. Charles has one brother, John Emesim, with whom he has occasional contact. Charles has one sister, Mary Emesim, with whom he shares close contact.

Charles married Nkeshi Emesim in 1998 in Nigeria and they had five (5) wonderful children together. Charles Emesim, age 24, Uche Emesim, age 22, Smoutokwu Emesim, age 23, Munachi Emesim, age 20, and Chinedu Emesim, age 17. While the marriage eventually ended in divorce and he later moved to the United States Charles never allowed those circumstances to disrupt the lives of his children. Charles continues to share a very

close relationship with each of his children. Charles has expressed to counsel on multiple occasions how much he loves his children and his significant concern for their welfare during his term of incarceration. These concerns certainly appear to be genuine and sincere. Charles Emesim (the son), worked as an airport employee before recently joining the United States Army. Both Usche Emesim and Smoutokwu Emesim have also enlisted in the military, with each recently joining the United States Airforce. Munachi Emesim, age 20, and Chinedu Emesim, age 17 are both currently students and dependent upon Charles for financial support.

Charles remained in Nigeria until October 17, 2011, when he was granted conditional residency by the United States. He became a permanent resident on April 3, 2014, and a Naturalized Citizen on April 22, 2016. Charles married Peace Nene Unah in 2022 in Chicago, Illinois. Charles and Peace reside in Chicago, Illinois along with each of Charles' children.

While in Nigeria, Charles dropped out in year 3 of Nigeria's high school equivalent. He has expressed interest in continuing his education in the United States in hopes of improving his employability. Charles has maintained employment while in the United States, albeit primarily through self-employment. Charles initially established a business buying used cars and car parts to ship to customers in Nigeria. That transitioned into buying used cars for Nigerian customers. Charles also had jobs at hotel in South Carolina for a brief period in 2020 and later worked for Amazon, Inc. at a distribution center in New Jersey Charles is currently employed by American Taxi in the Chicago area and has been with them since 2022.

Charles does not have a history of substance abuse. He reported that he began drinking alcohol and smoking marijuana in his early twenties, but those activities did not rise to the level of abuse. He has expressed he has no need of any form of substance abuse treatment. Charles does have metal heath concerns. He reports he has been treated for depression and anxiety in the past but is not currently on any medication for those issues. Charles has fainting spells and high blood pressure and reports he his treating physician has suggested the placement of a Cardiac Implantable Electronic Device (pacemaker). Charles is currently prescribed Hydralazine, 50mg, 1 ½ tablets, 3 times per day; Furosemide, 40 mg, once daily; Atorvastatin, 40mg, once daily; Carvedilol, 25mg, twice daily; Farxiga, 10mg, one tablet every morning.

Without question, the nature and circumstances of the offenses for which Charles has admitted are serious. Charles deeply regrets his actions and the harm he has caused others. Charles acknowledges his bad decisions and understands that his actions have also caused much pain to his family and to himself. Charles is looking forward to the opportunity to redeem himself and rebuild his family relationships when he completes his sentence of incarceration.

2. **The need for the sentence imposed (A) to reflect the seriousness of the offense, to promote respect for the law and to provide just punishment for the offense; (B) to afford adequate deterrence to criminal conduct; (C) to protect the public from further crimes; (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner**

The Court is obligated to impose a sentence in this matter that recognizes the seriousness of the crime and promotes respect for the law. Charles conduct since his arrest has been exemplary and he is on course to live a responsible life and become a productive

citizen once he has satisfied his obligations to the Court and society. He has been fully compliant with the Court and the expectations of his bond conditions, all while remaining free from presentence incarceration throughout this case.

### 3. The kinds of sentences available

Probation or other alternative sentences are not appropriate in this matter. Charles's total offense level in this case 31 with a Criminal History Category of I, results in a guideline range of 108-135 months.

While the fine range for the instant offense is from $30,000.00 to $2,437,630.00, a court imposed fine would likely serve to make it difficult for Charles to successfully complete his term of supervised release once he has completed his term of incarceration. While Charles is industrious, he will leave prison as a convicted felon and his opportunities for employment will be significantly diminished from what they were prior to his felony conviction.

### 4. The kinds of sentences in the sentencing range established by the United States Sentencing Guidelines

Incarceration, not probation is appropriate in this case.

### 5. Any pertinent policy statement established by the Sentencing Commission

Defendant Ememsim is unaware of any "pertinent policy statement established by the sentencing commission" which would have a bearing on the sentencing in this matter.

### 6. The need to avoid unwarranted sentencing disparities among defendants with similar records or who have been found guilty of similar conduct

The Judiciary Sentencing INformation (JSIN) data indicate that "[D]uring the last five fiscal years (FY2021-2025), there were 98 defendants whose primary guideline was §2S1.1, with a Final Offense Level of 31 and a Criminal History Category of I, after excluding defendants who received a §5K1.1 substantial assistance departure. For the 97 defendants (99%) who received a sentence of imprisonment in whole or in part, the average length of imprisonment imposed was 81 month(s) and the median length of imprisonment imposed was 34 month(s).

       7. **The need to provide restitution to any victims of the offense**

Restitution in this case is mandatory pursuant to 18 U.S.C. 3663A.

As established in *United States v. Booker*, 125 S. Ct. 738, 756 (2005), the Sentencing Guidelines are merely one of seven factors that must be considered in determining an appropriate sentence. Consideration of the factors discussed above and their applicability to the facts and circumstances in this matter is warranted and required.

It has been said that the primary goals of the justice system are to punish wrongdoers, make victims of crime whole and to hold a person who has committed a crime accountable while attempting to rehabilitate him so he may return to the community and become a productive citizen. Defendant Emesim respectfully asserts that an analysis and application of 18 U.S.C. § 3553(a)(1) and (2) along with the facts and circumstances that gave rise to this indictment, as well as his conduct after arrest, results in a conclusion that imposition of a sentence below the sentencing guideline calculation is appropriate.

WHEREFORE, based upon the foregoing Defendant Emeism respectfully requests that he be sentenced to a term of incarceration consistent with the applicable United

States Sentencing Guidelines, section 3553 factors and the arguments of counsel at

sentencing.

Respectfully Submitted,

/s/ Michael B. Fox_____
Michael B. Fox
Fox Law Office
P.O. Box 1450
Olive Hill, KY 41164
(606) 286-5351
(606) 286-5352 (fax)
mike@foxlaw1.com
*Counsel for Defendant,*
*Charles Emesim*

CERTIFICATE OF SERVICE

I hereby certify that on May 8, 2026, I electronically filed the foregoing with the clerk of the court by using CM/ECF system, which will send a notice of electronic filing to all counsel of record.

/s/ Michael B. Fox_____